Lisa A. Villasenor, Esq. (SBN. 133984)
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
One California Street, Suite 1100
San Francisco, CA 94111
Telephone:    (415) 217-6990
Facsimile:    (415) 217-6999
Email:        lav@mmker.com

Attorneys for Defendant,
J.C. PENNY CORPORATION, INC.
(Erroneously sued as J.C. PENNEY CORPORATION)

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON BALL, | Case No.: C 08-02495 EMC |
| Plaintiff, | **ANSWER OF DEFENDANT, DEFENDANT J.C. PENNEY CORPORATION, INC., TO COMPLAINT** |
| vs. | |
| J.C. PENNY CORPORATION and DOES 1-50, | |
| Defendants. | Complaint filed:    March 4, 2008 |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant, J.C. PENNEY CORPORATION, INC. ("J.C. Penney") through its counsel answers the Complaint of Plaintiff, ALLISON BALL ("Plaintiff").

1.    J.C. Penney admits the allegations in Paragraph 1 of the Complaint to the extent that Plaintiff purports to allege causes of action against J.C. Penney, but denies that Plaintiff has stated facts to support these allegations and further denies the specific allegations contained in each cause of action.

2.    J.C. Penney admits the allegations in Paragraph 2 of the Complaint.

3.    J.C. Penney admits the allegations contained in Paragraph 5 of the Complaint.

4.    J.C. Penney lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 6a and 6b of the Complaint and on that basis, denies each and every allegation contained thereon.

5. J.C. Penney admits the allegations contained in Paragraph 10 of the Complaint to the extent that an alleged cause of action for General Negligence is attached to the Complaint, but denies that Plaintiff has stated facts to support this cause of action and further denies the specific allegations contained in this cause of action.

6. J.C. Penney lacks sufficient information or belief to admit or deny, and on that basis denies, each and every allegation contained in Paragraph 11 of the Complaint.

7. J.C. Penney denies that Plaintiff is entitled to the relief for which she prays in Paragraph 14 of the Complaint.

## CAUSE OF ACTION- GENERAL NEGLIGENCE

8. J.C. Penney lacks sufficient information or belief to admit or deny the allegations contained in Paragraph GN-1 of Plaintiff's First Cause of Action for General Negligence and on that basis, denies each and every allegation contained thereon.

## FIRST AFFIRMATIVE DEFENSE

9. J.C. Penney affirmatively pleads that some of Plaintiff's claims may be barred by the applicable Statute of Limitations, including, but not limited to, California Code of Civil Procedure §§ 335, 335.1.

## SECOND AFFIRMATIVE DEFENSE

10. The Complaint and each and every purported cause of action therein fails to state facts sufficient to constitute a cause of action against this answering defendant.

## THIRD AFFIRMATIVE DEFENSE

11. J.C. PENNEY is informed and believes and based thereon alleges that any and all events and happenings in connection with the letters alleged in the Complaint, and the resulting damages allegedly suffered by the Plaintiff, were proximately caused and contributed to by the independent, intervening, negligent and unlawful conduct of independent third parties and/or their agents (excluding J.C. PENNEY) which therefore bars Plaintiff from recovering the damages sought in the Complaint from J.C. PENNEY.

//

### FOURTH AFFIRMATIVE DEFENSE

12. J.C. PENNEY affirmatively pleads that if it should be found that J.C. PENNEY is in any manner legally responsible for damages sustained by Plaintiff, if any, which supposition is not admitted, but merely stated for purposes of this affirmative defense, it should be found that any damages determined to have been incurred or suffered by Plaintiff in this action were proximately caused or contributed to by others, including other DOES or unnamed defendants in this case, whether served or not served and/or proximately caused or contributed to by other persons or entities not parties to this action.

### FIFTH AFFIRMATIVE DEFENSE

13. Upon information and belief it is alleged that Plaintiff failed to mitigate her alleged damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

14. Upon information and belief it is alleged that Plaintiff is barred from belief by the Doctrines of Laches, Waiver, Release and Estoppel, and each of said Doctrines, due to her own acts and/or omissions and/or due to the acts and/or omissions of their partners or agents (excluding J.C. PENNEY), with reference to the subject matter of the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

15. Upon information and belief it is alleged that Plaintiff's cause of action for negligence is barred or their recovery should be diminished because the alleged damage was caused by Plaintiff's failure to exercise ordinary care on her own behalf for her own safety.

### EIGHTH AFFIRMATIVE DEFENSE

16. Upon information and belief it is alleged that at the time and place referred to in the Complaint and before such event, Plaintiff knew the risk in placing herself in the position which she then assumed, and voluntarily assumed such risks, including, but not limited to, the risk of suffering personal bodily injury.

### NINTH AFFIRMATIVE DEFENSE

17. That the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts of the law which warranted the filing of

the Complaint against this responding defendant. Plaintiff should therefore be responsible for all defendant's necessary and reasonable defense costs.

### TENTH AFFIRMATIVE DEFENSE

18. Upon information and belief it is alleged that J.C. Penney did not have actual or constructive notice of the dangerous condition a sufficient time before the accident within which measures could have ben taken to protect against the dangerous condition.

### ELEVENTH AFFIRMATIVE DEFENSE

19. Upon information and belief it is alleged that the damages claimed by Plaintiff, or to which Plaintiff is entitled to recover, if any, are *de minimis* and trivial in nature.

### TWELFTH AFFIRMATIVE DEFENSE

20. Upon information and belief it is alleged that the damages sustained or to be sustained by Plaintiff, if any, were proximately caused or contributed to by the act of negligence by Plaintiff and that she personally participated in a negligent act or omission which brought about the injuries or damages of which she is complaining. Consequently, neither the law nor any agreement entitles Plaintiff to an indemnity.

### THIRTEENTH AFFIRMATIVE DEFENSE

21. Upon information or belief it is alleged that the Plaintiff is barred from relief under the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

22. This defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses available. Defendant herein reserves the right to assert additional defenses in the event that the discovery indicates that they would be appropriate.

WHEREFORE, J.C. Penney Prays as follows:

1. That Plaintiff take nothing by reason of her Complaint, that judgment be rendered in favor of Defendant and that this Court dismiss Plaintiff's Complaint in its entirety with prejudice;

2. That Defendant be awarded its costs and defense of this action; and

//

3. For such other and for the relief as this Court finds just and deems proper.

Dated: June 19, 2008

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____
Lisa A. Villasenor

Attorneys for Defendant,
J.C. PENNY CORPORATION, INC.

## DEMAND FOR JURY TRIAL

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

COMES NOW, defendant, J.C. PENNEY CORPORATION, INC. and hereby demands a jury trial in the above-encaptioned matter.

Dated: June 19, 2008

                            **MANNING & MARDER**
                            **KASS, ELLROD, RAMIREZ LLP**

                            By: _____
                               Lisa A. Villasenor
                            Attorneys for Defendant,
                            J.C. PENNEY CORPORATION, INC.

# CERTIFICATION OF SERVICE

*ALLISON BALL v. J.C. PENNEY CORPORATION*
United States District Court - Northern District Case No.: (C 08-02495 EDL)

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One California Street, Suite 1100, San Francisco, CA 94111.

On June 19, 2008, I served the document described as **DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] **(BY MAIL)** I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

   I placed such envelope with postage thereon prepaid in the United States mail at San Francisco, California.

   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(BY OVERNIGHT COURIER):** I placed the above-referenced document(s) in an envelope for collection and delivery on this date in accordance with standard _____ overnight delivery procedures.

X **(BY FACSIMILE)** I telecopied such document to the offices of the addressee at the following fax number: See service list.

[ ] **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 19, 2008 at San Francisco, California.

                                             _____
                                             Carlos Rios

## SERVICE LIST

| | |
|---|---|
| Joseph W. Campbell<br>Law Offices of Joseph W. Campbell<br>1301 Marina Village Parkway, Suite 330<br>Alameda, CA 94501<br>*Tel: (510) 865-5409*<br>*Fax: (510) 865-5410* | **Attorney for Plaintiff,**<br>Allison Ball |

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL