Lisa A. Villasenor, Esq.
State Bar No. 133984
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ** LLP
One California Street, Suite 1100
San Francisco, CA 94111
Telephone:   (415) 217-6990
Facsimile:    (415) 217-6999

Attorneys for Defendant,
J.C. PENNY CORPORATION, INC.
(Erroneously sued as J.C. PENNEY CORPORATION)

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON BALL, | Case No.: C 08-02495 EMC |
| Plaintiff, | **STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |
| vs. | |
| J.C. PENNY CORPORATION and DOES 1-50, | |
| Defendants. | Complaint filed:   March 4, 2008 |

Pursuant to the agreement of the parties, by and through their counsel in this action, IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Allison Ball ("Plaintiff") and defendant J.C. Penney Corporation ("Defendant") by and through their undersigned counsel as follows:

1. The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

2. Defendant shall pay plaintiff zero dollars and will waive fees and costs, as to plaintiff only, under the terms and conditions set forth herein.

3. The plaintiff and her executors, administrators, assigns, and attorneys hereby agree to accept defendant's waiver of fees and costs., in full and final settlement and satisfaction of the claims raised in This Action under the terms and conditions set forth herein.

4.  It is also agreed, by and among the parties, that the settlement amount represents the entire amount payable to plaintiff and her heirs, executors, administrators, assigns and attorneys.

5.  It is also agreed, by and among the parties, that neither plaintiff nor any of her attorneys may make any claim for attorney's fees or other costs against the defendant. It is also agreed, by and among the parties, that the respective parties will bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiff will be plaintiff's responsibility and not in addition thereto.

6.  In consideration of the settlement amount as set forth above, the plaintiff agreed that she will immediately upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims that could have been asserted in This Action. The fully executed Stipulation of Dismissal will be filed by defendant.

7.  In consideration of defendant's waiver of fees and costs as set forth above, the plaintiff hereby releases and forever discharges all defendant, and any and all of their past and present agencies, officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforseen injuries, and the consequences thereof, resulting from the facts and circumstances and subject matter that gave rise to This Action, including all claims under the Federal Tort Claims Act ("FTCA"), and all constitutional or Bivens claims, any and all current and future claims by plaintiff's children, and any other claim relating to the subject accident of March 18, 2006, or any and all claims that could have been asserted in the Complaint, including any claims for personal injury.

8.  The provisions of California Civil Code Section 1592 are set forth below:

> A general release does not extend to claims which the creditor does now know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

///

///

.

The plaintiff having been apprised of the statutory language of Civil Code Section 1592, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. The plaintiff understands that if the facts concerning the plaintiff's alleged damages and the liability of the defendants, or its agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by her to be true, this agreement shall be and remain effective notwithstanding such material difference.

9. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the defendant or its agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

10. This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

11. Plaintiff will indemnify and hold harmless the defendant from any liability the defendant may incur from any claim, including but not limited to a loss of consortium claim, by plaintiff's spouse arising out of the subject matter of This Action.

12. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging breach of this agreement,

13. Each party acknowledges that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

14. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

15. This instrument shall constitute the entire agreement between the parties and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by

07/26/2008 08:44 5108655410 CAMPBELL LAW OFFICE PAGE 02/02
07/25/2008 14:38 19106521717 PAGE 06
07/25/2008 14:33 FAX 415 217 6999 MANNING & MARDER 006/007

Case 3:08-cv-02495-EMC    Document 9    Filed 08/06/2008    Page 4 of 7

1 | the parties hereto. The parties further acknowledge that no warranties or representations have been
2 | made on any subject other than as set forth in this agreement.
3 |     16.    The persons signing this Stipulation and Agreement warrant and represent that they
4 | possess full authority to bind the persons on whose behalf they are signing in terms of the
5 | settlement.
6 |     17.    This agreement may not be altered, modified or otherwise changed in any respect
7 | except in writing, duly executed by all parties or their authorized representatives.

Dated: July 25, 2008

LAW OFFICES OF JOSEPH CAMPBELL

By: _____
Joseph Campbell, Esq.

Attorneys for Plaintiff,
ALLISON BALL

Dated: July 31, 2008

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____
Lisa A. Villasenor

Attorneys for Defendant,
J.C. PENNY CORPORATION, INC.

---

STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:** Clerk of the court is directed to close this matter.

Dated: August 6, 2008



IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

_____
Magistrate Judge

## CERTIFICATION OF SERVICE

*ALLISON BALL v. J.C. PENNEY CORPORATION*
United States District Court - Northern District Case No.: (C 08-02495 EDL)

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One California Street, Suite 1100, San Francisco, CA 94111.

On August 1, 2008, I served the document described as STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **(BY MAIL)** I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

☐ I placed such envelope with postage thereon prepaid in the United States mail at San Francisco, California.

☐ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT COURIER):** I placed the above-referenced document(s) in an envelope for collection and delivery on this date in accordance with standard _____ overnight delivery procedures.

☐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee at the following fax number: .

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 1, 2008 at San Francisco, California.

_____
Carlos Rios

STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER

**SERVICE LIST**

Joseph W. Campbell  
Law Offices of Joseph W. Campbell  
1301 Marina Village Parkway, Suite 330  
Alameda, CA 94501  
    *Tel: (510) 865-5409*  
    *Fax: (510) 865-5410*

**Attorney for Plaintiff,**  
Allison Ball

-7-

STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER